JOHN FREEMAN v. THE PRESIDENT, DIRECTORS & COMPANY OF THE MICHIGAN STATE BANK.

A judgment creditor who comes into this Court for relief, must show that he has in good faith exhausted his remedy at law. This is usually done by showing an execution issued to the county where the debtor resides, returned unsatisfied in whole or in part.

Where debtor had property in another county, which, before the return day of the first execution, he offered to complainant to be levied upon, *held*, the complainant should have caused his execution directed to the sheriff of the debtor's county to be returned, and sued out an *alias* execution into the county where the property was situated.

The execution to the debtor's county may, for this purpose, be returned at any time; and it is not necessary to wait until the return day.

THIS was a judgment creditor's bill.

The judgment was obtained in the Circuit Court for the county of Wayne, and an execution directed to the sheriff of that county had been taken out and returned unsatisfied.

The defendants put in a plea, stating that, when the sheriff called on them with the execution, they were, and still are, the owners in fee simple of certain unincumbered real estate, described in the plea, situated in the counties of Saginaw and Lapeer; that such real estate is sufficient to satisfy the judgment; that they caused the fact that they were owners of real estate in said counties, sufficient to satisfy the judgment, and standing in their name on the records of the registers of deeds for said counties, to be communicated to the plaintiff's attorneys, who had control of the judgment and execution, and whose names were endorsed on the writ; that they caused such facts to be communicated during the lifetime of the execution,

and that they also caused an offer to be made on their behalf, at the same time, to the said attorneys, to turn out the said lands, or any of them, to be levied on and sold under and by virtue of any execution or writ of *fieri facias* that might be issued on the judgment.

*H. H. Emmons*, for complainant.

*J. F. Joy*, for defendants.

THE CHANCELLOR. The law is too well settled to be now disturbed, that a judgment creditor, who comes into this Court for relief, must show he has in good faith exhausted his remedy at law. This is usually done by showing an execution, directed to the county where the debtor resides, returned unsatisfied in whole or in part. A man is supposed to have his property about him, and the means in his possession to pay a judgment obtained against him, when called on by the officer. This is the reason of the rule requiring the execution to be sent to the county in which the debtor resides. But it may turn out that he has neither the money to pay the judgment, nor property, in the county in which he resides, to be levied upon, and yet has, in another county, abundant property to pay the debt. Such is the case before me, with this additional fact, that the defendants informed the complainant they were the owners of real estate sufficient to pay the judgment, in Saginaw and Lapeer counties, and offered to turn it out to be levied on and sold, if the complainant would send an *alias* execution into either of those counties. This is the substance of the plea. It cannot be said, under such circumstances, that the complainant has, in good faith, exhausted his remedy at law. He should have had his execution returned, and taken out an

*alias*, directed to the sheriff of the proper county. It was not necessary to wait until the return day of the execution. It might, for that purpose, have been returned in vacation. *Laws* 1839, *p.* 23, § 6.

Plea allowed.